## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS D. MOORE, #0136458** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00964-SMY** |
| | ) | |
| **CITY OF ALTON, ILLINOIS,** | ) | |
| **JOHN DOE 1,** *Detective*, | ) | |
| **KATIE WARREN**, *State's Attorney*, and | ) | |
| **MADISON COUNTY STATE'S** | ) | |
| **ATTORNEY'S OFFICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demetrius D. Moore, a pretrial detainee in the Randolph County Jail, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Fourth and Fourteenth Amendments, a malicious prosecution claim, and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff is the owner of Moore's Construction LLC. He entered into a contract with Ramon Campas Espinoza for repair work on over 200 properties. After numerous breaches of contract and unprofessional conduct by

Espinoza, Plaintiff informed Espinoza his company would no longer perform work on the properties. Espinoza subsequently hired Plaintiff's brothers to work for him.

Espinoza filed a false police report with the Granite City Police Department alleging Plaintiff forged company checks. Plaintiff showed a Granite City detective recordings on his phone of Espinoza writing company checks to him for work his company performed.

Plaintiff was arrested on April 23, 2019 for use of a forged credit card in violation of 720 ILCS 5/17-36. In support of an arrest warrant, John Doe Detective of the Alton Police Department alleged Plaintiff used a credit card in Espinoza's name without his permission at Cheapie Tire Shop in Alton, Illinois and purchased four tires for a 2004 black Cadillac Escalade. There were two individuals shown on the camera at Cheapie Tire, one of which looked like Plaintiff's brother that was working for Espinoza. Plaintiff was not in the photo and did not own a black Cadillac Escalade. Plaintiff was wrongfully charged and detained without any evidence against him.

Madison County States Attorney's Office and State's Attorney Katie Warren prosecuted Plaintiff on charges they knew he did not commit. Plaintiff demanded a speedy trial on November 12, 2019. On June 17, 2020, he filed a motion to dismiss the charges for failure to comply with that request. As of September 16, 2020 (the date Plaintiff signed the Complaint), a trial date had not been set.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:     Fourth Amendment claim against John Doe 1 and the City of Alton, Illinois, for arresting and detaining Plaintiff for use of a forged credit card without probable cause.

Count 2:     Fourth and Sixth Amendment claims against Katie Warren and the Madison County State's Attorney's Office for charging and prosecuting Plaintiff with use of a forged credit card without probable cause and violating Plaintiff's right to a speedy trial.

Count 3:      Malicious prosecution claim against John Doe 1 and the City of Alton, Illinois, for arresting and detaining Plaintiff for use of a forged credit card without probable cause and against Katie Warren and the Madison County State's Attorney's Office for prosecuting Plaintiff for use of a forged credit card without probable cause.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Plaintiff alleges his Fourth Amendment rights were violated because he was arrested and detained without probable cause. A district court faced with a Fourth Amendment claim filed by an arrestee must consider whether a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction or sentence and, if so, the claim must be dismissed unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). At this time, the status of the criminal charge is not known and *Heck* does not apply absent a conviction. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Therefore, it is not apparent that Plaintiff's claim is barred by *Heck*.

A claim for unlawful arrest and detention without probable cause may be brought as an unlawful pretrial detention in violation of the Fourth Amendment. *Lewis* v. *City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019). The constitutional objection is to the wrongful custody because there is a right not to be held in custody without probable cause. *Manuel* v. *Joliet ("Manuel I")*, –—— U.S. ——, 137 S.Ct. 911, 917–20 (2017). The allegation that John Doe Detective was directly

involved in the arrest and detention of Plaintiff knowing it was without probable cause is sufficient to state a viable claim for unlawful pretrial detention at the screening stage.

However, the claim against the City of Alton, Illinois based on the alleged unconstitutional acts of its employee, is not a viable claim because there is no *respondeat superior* liability under § 1983. *Daniel* v. *Cook Cty.*, 833 F.3d 728, 733 (7th Cir. 2016); *Montano* v. *City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008). Rather, to state a claim against a municipality or local governmental entity under § 1983, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality or local governmental entity. *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Thomas* v. *Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). Here, Plaintiff's allegations do not suggest that a policy, custom, or practice of the City of Alton was the driving force behind the alleged constitutional deprivations. *Dixon* v. *Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (holding plaintiff must demonstrate that the defendants' official policy, widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury).

Accordingly, Count 1 will proceed against John Doe but will be dismissed as to the City of Alton, Illinois.

### Count 2

Plaintiff alleges the Madison County State's Attorney's Office and State's Attorney Katie Warren charged and prosecuted him for use of a forged credit card without probable cause and violated his right to a speedy trial. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi* v. *McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citations omitted). Whether an individual "is protected by

4

absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a "prosecutor only enjoys absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id.* at 318 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). "If a prosecutor plants evidence before someone is arrested, he enjoys only qualified immunity." *Fields v. Wharrie*, 672 F.3d 505, 512 (7th Cir. 2012) (citation omitted). "Yet, for that same fabrication of evidence, if he commits the act during a judicial proceeding, he receives absolute immunity." *Id.*

Although Plaintiff asserts in conclusory fashion that fabricated evidence was used to charge him, he offers no factual allegations regarding the State's Attorney's role in the alleged fabrication of evidence or even an explanation of what evidence was fabricated. The remaining allegations against the State's Attorney relate to conduct during the judicial phase of the criminal process for which the State's Attorneys would be entitled to absolute immunity. Accordingly, Count 2 will be dismissed.

## Count 3

Plaintiff claims that his arrest and detention without probable cause constituted malicious prosecution. There is no free-standing federal constitutional claim for "malicious prosecution." *Manuel II*, 903 F.3d at 670; *see also Serino* v. *Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause."). To state a claim for malicious prosecution under Illinois state law, a plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2009) (citation omitted).

Plaintiff does not allege that the criminal proceedings have been terminated in his favor and, therefore, fails to state a claim for malicious prosecution under state law.  As such, Count 3 will be dismissed.

### Identification of John Doe

The Chief of Police for the City of Alton, Illinois Police Department will be added as a defendant in his/her official capacity only for purposes of responding to discovery aimed at identifying the Doe Defendant.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21.  Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Stay

Because it appears that the state criminal proceeding is ongoing, the Court must consider whether this matter should be stayed.  Federal courts are required by *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.  *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010).  Applying the *Younger* doctrine, the Seventh Circuit explained in *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), that a plaintiff's claims for damages arising from an allegedly illegal search, seizure, and/or detention could not be raised in federal court while the criminal case in which those claims arose was ongoing.  Thus, a federal district court faced with such a situation should stay the plaintiff's civil rights claims for money damages, rather than dismiss them. Accordingly, consistent with *Gakuba*, this lawsuit must be stayed until the conclusion of the state criminal proceedings, including any appeal.

**Disposition**

**COUNT 1 WILL PROCEED** against Defendant **JOHN DOE** and is **DISMISSED without prejudice** as to Defendant **CITY OF ALTON, ILLINOIS**. The Clerk of Court is **DIRECTED** to **ADD** the **CHIEF OF POLICE OF THE CITY OF ALTON, ILLINOIS POLICE DEPARTMENT** to the docket as a Defendant for purposes of identifying the Doe Defendant.

**COUNTS 2** and **3** and Defendants **CITY OF ALTON, ILLINOIS, KATIE WARREN,** and **MADISON COUNTY STATE'S ATTORNEY'S OFFICE** are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **CITY OF ALTON, ILLINOIS, KATIE WARREN,** and **MADISON COUNTY STATE'S ATTORNEY'S OFFICE** as parties.

The Court finds that a stay is warranted pursuant to the *Younger* abstention doctrine. The stay is premised on the finding that the challenged conduct is connected with a criminal charge in a criminal proceeding that is ongoing. However, it is not known definitely whether the criminal case is ongoing or has been resolved. Accordingly, the Court will postpone entering a stay for a short period of time and allow Plaintiff an opportunity to **SHOW CAUSE** why the case **SHOULD NOT BE STAYED**. If Plaintiff believes that the Court's conclusion is in error and the criminal prosecution is not ongoing, he shall have through **December 16, 2020**, in which to show cause why this action should proceed. **THE FAILURE TO SHOW CAUSE BY THAT DATE WILL RESULT IN THIS ACTION BEING STAYED WITHOUT FURTHER NOTICE.**

Once this case is stayed, it will be Plaintiff's responsibility to notify the Court upon the conclusion of his criminal proceedings. The Court will order service if appropriate when the stay is lifted.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **FAILURE TO COMPLY WITH THIS ORDER WILL CAUSE A DELAY IN THE TRANSMISSION OF COURT DOCUMENTS AND MAY RESULT IN DISMISSAL OF THIS ACTION FOR WANT OF PROSECUTION.** *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 2, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**